Dear Mr. Durant:
This office is in receipt of your opinion regarding the legality of the delegation of zoning authority by a police jury to city government. Specifically, you raise the following issue for our review:
 Can the governing body of a parish relinquish planning and zoning authority within its jurisdiction to a municipality?
Your letter states that the Acadia Parish Police Jury and the City of Crowley have entered into an Intergovernmental Agreement, whereby the police jury grants to the city the "jurisdiction for the purposes of planning and zoning for an area extending not more than one-half (2) mile from the corporate limits of the City of Crowley".
In response to your request, we first direct your attention to LSA-Const. Art. 6, § 17 (1974) which provides:
 Subject to uniform procedures established by law, a local government subdivision may
(1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. (Emphasis added.)
The uniform procedures mentioned in the article are set forth in LSA-R.S. 33:101 et seq, and provide for the creation of planning commissions and their powers and duties. LSA-R.S. 33:140.161 et seq, specifically authorizes the Acadia Parish Police Jury to regulate zoning within the parish. This grant of authority provides that the parish planning commission created by LSA-R.S.33:102 is the zoning commission for Acadia Parish.
Your request is very similar to that of an earlier Attorney General Opinion, Number 90-11 (enclosed), herein where a parish police jury questioned whether they could delegate complete and total authority for the decision of zoning appeals to a board of zoning adjustment, which board was created by the parish police jury. Our office opined that such a "proposal constitutes anultra vires act by the police jury, in that it is an unauthorized delegation of the sovereign power of the police jury delegated in turn to it by the legislature."
We reaffirm Attorney General Opinion Number 90-11, and further opine that the Intergovernmental Agreement between the Acadia Parish Police Jury and the City of Crowley is an unauthorized act for the reasons set forth therein. Further, we are of the opinion that the authority of the Police Jury to delegate any zoning authority can only be authorized by legislative enactment as proscribed by the constitution, LSA-Const. Art. 6, § 17 (1974).
If we can be of further assistance, please advise.
Respectfully submitted,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI:ARL:glb
cc: Acadia Parish Police Jury Mayor, City of Crowley
 State of Louisiana
DEPARTMENT OF JUSTICE BATON ROUGE
70804
WILLIAM J. GUSTE, JR. TELEPHONE: ATTORNEY GENERAL 504-342-7013